UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-186-DLB

CHERYL STACY                                                                                                PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

APPALACHIAN REGIONAL                                             DEFENDANTS
HEALTHCARE, INC., et al.

\* \* \* \* \* \* \* \* \* \* \* \*

I.      INTRODUCTION

Defendant Reliance Standard Life Insurance Company ("Reliance") seeks dismissal of Plaintiff Cheryl Stacy's Complaint for failure to exhaust her administrative remedies, as required by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. # 5). Accordingly, Reliance claims that Stacy has failed to state a claim upon which relief can be granted, and asks the Court to dismiss Stacy's claims against Reliance with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed (Docs. # 8 and 9), and ripe for the Court's review.[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

II.      FACTUAL AND PROCEDURAL BACKGROUND

Stacy worked for Appalachian Regional Healthcare, Inc. ("ARH") as a Registered Nurse for approximately thirty years, until February 24, 2014, when she became

---

[1] The other Defendants, Appalachian Regional Healthcare, Inc., Appalachian Regional Healthcare, Inc. Retirement Plan, and Appalachian Regional Healthcare, Inc. Retirement Committee, have not moved for dismissal of Stacy's Complaint. Therefore, this Memorandum Opinion and Order applies only to Stacy's claims against Reliance.

1

disabled. (Doc. # 1-1 at ¶¶ 8, 13). Initially, Stacy applied for and received short-term disability benefits from Reliance. *Id.* at ¶ 40. After receiving short-term disability benefits "for the maximum duration allowable," Stacy "began the process of transitioning her claim into" a long-term disability ("LTD") claim. (Doc. # 8 at 1). Stacy simultaneously made a claim for and pursued disability retirement benefits under ARH's retirement plan. (Doc. # 1-1 at ¶ 16).

On August 21, 2014, before receiving a decision regarding her LTD claim, Stacy advised Reliance via e-mail that she no longer wished to pursue that claim. *Id.* at ¶ 43; *see also* (Doc. # 8-1). Stacy alleges that she withdrew her LTD benefits claim with Reliance because ARH informed her that the "application for and approval of LTD benefits with Reliance … would prevent her from receiving her retirement benefits" under ARH's plan. *Id.* at ¶ 43. Stacy's decision to abandon her LTD claim with Reliance proved to be a misstep; her claim for disability retirement benefits with ARH was ultimately denied. *Id.* at ¶ 22-24.

On August 25, 2014, Reliance sent Stacy a denial letter, informing her that she was "not entitled to disability benefits under" the LTD policy. (Doc. # 8-2 at 2). In this letter, Reliance acknowledged that she did not want to pursue her claim and explained that it was unable to complete its LTD claim evaluation because Stacy had failed to respond to requests for additional information. *Id.* The letter also advised Stacy that a "written request for review must be submitted within 180 days" if she intended to appeal Reliance's benefit determination. *Id.* at 4. Over one year and eight months later – on May 18, 2016, Stacy appealed the denial of her LTD benefits. (Doc. # 1-1 at ¶ 45). By letter dated May 25, 2016, Reliance informed Stacy that it would not accept her untimely

appeal. *Id*. at ¶ 46.

In her Complaint, Stacy claims that she is "entitled to LTD benefits" and that Reliance "should be required to perform under the contract and pay LTD benefits to Plaintiff." *Id*. at ¶ 47. Specifically, Stacy alleges that the denial of her LTD benefits claim constitutes a breach of contract, a breach of fiduciary duties, and was arbitrary and capricious. *Id*. at ¶ 48-49. Reliance seeks dismissal of Stacy's Complaint for failure to exhaust her administrative remedies, as required by ERISA. (Doc. # 5 at 1). Reliance argues that Stacy failed to appeal the denial of her LTD benefits claim within the prescribed 180-day time period; and instead, waited approximately 632 days before filing her appeal. *Id*. Accordingly, Reliance claims that Stacy has failed to state a claim upon which relief can be granted, and asks the Court to dismiss Stacy's unexhausted ERISA claims with prejudice because her opportunity to pursue administrative remedies has expired. *Id*. at 7.

## III. ANALYSIS

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is met when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not contain "detailed factual allegations," but must contain more than mere "labels and conclusions." *Id.* Put another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## B. *ERISA's Enforcement Options and Exhaustion Requirement*

Stacy initially asserted state-law breach of contract claims, believing Reliance's LTD Policy was not governed by ERISA. (Doc. # 1-1 at ¶¶ 48-50). However, Stacy's Complaint alternatively pled, pursuant to ERISA, that the "decision made by Defendant [Reliance] to deny Plaintiff's claims was arbitrary and capricious, against the overwhelming evidence provided to Defendant, and a breach of fiduciary duties, which entitles Plaintiff to contractual benefits, interest, and attorney's fees." *Id.* at ¶ 51. Stacy also alleged that Reliance "should be enjoined from stopping LTD payments under the terms of the LTD policy." *Id.* at ¶ 52. As Stacy has since conceded, her state law claims are completely preempted by § 502(a), and ERISA governs this action. (Doc. # 8 at 1).

ERISA "authoriz[es] civil actions for six specific types of relief." *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 376 (2002). These civil enforcement provisions, more commonly known by their original section number in the Act, § 502(a), create an "interlocking, interrelated, and interdependent remedial scheme." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). This scheme "represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

Three of these avenues are open to plan participants who, like Stacy, wish to sue the plan or plan administrator. First, participants may sue to recover benefits due, enforce their rights, or clarify their rights under the terms of the plan pursuant to § 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B). Second, participants may assert a claim

for breach of fiduciary duty under § 502(a)(2). *See* 29 U.S.C. § 1132(a)(2). This subsection does not yield individualized relief – any benefits from suit inure to the plan itself. *Russell*, 473 U.S. at 143-45. Third, participants may seek "appropriate equitable relief" under § 502(a)(3). *See* 29 U.S.C. § 1132(a)(3). This may include injunctions and individualized relief for breach of fiduciary duties. *See Varity Corp. v. Howe*, 516 U.S. 489, 509 (1996). However, relief under § 502(a)(3) is typically only available to plan participants who cannot proceed under either § 502(a)(1)(B) or § 502(a)(2). *Id.* at 512.

Before a plaintiff-participant can bring a civil enforcement action under ERISA, he or she may be required to exhaust administrative remedies. "Although ERISA is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action, [the Sixth Circuit has] held that 'the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.'" *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004) (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). "The exhaustion requirement 'enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.'" *Id.* (quoting *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000)).

ERISA's administrative scheme requires "[e]very employee benefit plan … to 'afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review … of the decision denying the claim.'" *Coomer*, 370 F.3d at 504 (quoting 29 U.S.C. § 1133). Similarly, pursuant to ERISA regulations, when a claim is denied by an insurer, the insurer has an obligation to provide the

claimant "appropriate information as to the steps to be taken … to submit his or her claim for review." 29 C.F.R. § 2560.503-1(f). Reliance complied with these regulations and afforded Stacy an opportunity to appeal (Doc. # 8-2), but she did not take advantage of her appeal rights within the 180-day time period. (Doc. # 1-1 at ¶ 45). Therefore, failure to file a timely appeal and exhaust her administrative remedies may bar Stacy's claims against Reliance.

Before bringing an action for benefits under § 502(a)(1)(B), plan participants must exhaust their administrative remedies. *See Miller*, 925 F.2d at 986. However, the Sixth Circuit recently held that the exhaustion requirement does not apply to claims for breach of fiduciary duty, which "alleg[e] statutory, rather than plan-based, violations." *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, No. 16-5942, 2017 WL 971790, at *8 (6th Cir. Mar. 14, 2017). Because "actions brought to enforce the terms of a plan are distinguishable from those brought to assert rights granted by federal statute," the Sixth Circuit has determined that "ERISA plan participants or beneficiaries do not need to exhaust internal remedial procedures before proceeding to federal court when they assert statutory violations of ERISA." *Id.* at *9 (internal citations and quotation marks omitted).

Because exhaustion is required only for certain claims and because Stacy's Complaint did not specifically identify which civil enforcement mechanism she seeks to utilize, it is imperative that the Court determine which of ERISA's civil remedies may support her claims.[2] Stacy is attempting to recover benefits allegedly due to her under the terms of Reliance's LTD plan; therefore, the Court construes this claim as one under

---

[2] In her Response to Reliance's Motion to Dismiss, Stacy vaguely argues that she "asserted claims against Reliance … under ERISA that do not require an administrative process" and cites to § 502(a)(2) and § 502(a)(3). (Doc. # 8 at 9).

6

§ 502(a)(1)(B). Stacy's Complaint also asserts an individualized "breach of fiduciary duty" claim and seeks an injunction, both of which constitute claims for equitable relief under § 502(a)(3).[3]

Typically, § 502(a)(1)(B) and § 502(a)(3) claims cannot be brought in tandem. *See Varity Corp.*, 516 U.S. at 512 (holding that § 502(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy"). However, in "some circumstances, an ERISA plaintiff may simultaneously bring claims under both" sections. *Gore v. El Paso Corp. Long Term Disability Plan*, 477 F.3d 833, 839 (6th Cir. 2007) (citing *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710 (6th Cir. 2005)). "Where a claimant asserts an injury separate and distinct from the denial of benefits, then dual ERISA claims and remedies may be appropriate." *Brown v. United of Omaha Life Ins. Co.*, 661 F. App'x 852, 859 (6th Cir. 2016) (internal citations and quotation marks omitted). Thus, if an award of individual benefits under § 502(a)(1)(B) does not provide an adequate remedy for the alleged injury caused by the breach of fiduciaries, then a plaintiff may be able to pursue claims under both sections. *See Gore*, 477 F.3d at 840-42 (holding that claimant may bring both a § 502(a)(1)(B) claim and § 502(a)(3) claim where he alleges "two separate and distinct injuries:" a standard denial-of-benefits injury pursuant to the plan terms and that the same defendant changed and misrepresented plan terms to his detriment).

However, a "plaintiff cannot use [§ 502(a)(3)'s] catch-all provision to 'repackage' a § 502(a)(1)(B) denial-of-benefits claim as an action for breach of fiduciary duty, or to pursue a 'duplicative or redundant remedy.'" *Brown*, 661 F. App'x at 859 (quoting

---

[3] Nothing in Stacy's Complaint can be construed as a plan-wide breach-of-fiduciary-duty claim; therefore, § 502(a)(2) is not the appropriate vehicle. The availability of a breach-of-fiduciary-duty claim under § 502(a)(3) will be discussed *infra*.

7

*Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372-73 (6th Cir. 2015) (en banc)); *see also Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir. 1998)). And importantly, the "statutory claims exception" to the exhaustion requirement does *not* apply to "'plan based claims artfully dressed in statutory clothing, such as where a plaintiff seeks to avoid the exhaustion requirement by recharacterizing a claim for benefits as a claim for breach of fiduciary duty.'" *Hitchcock*, 2017 WL 971790, at *9 (quoting *Stephens v. Pension Benefit Guar. Corp.*, 755 F.3d 959, 966 n.7 (D.C. Cir. 2014)).

Because Stacy's claim for breach of fiduciary duty, as alleged in her Complaint, is based solely on Reliance's alleged wrongful denial of benefits, her § 502(a)(3) claim is "duplicative" of her claim for benefits under § 502(a)(1)(B).[4] The same can be said for any injunction Stacy seeks pursuant to § 502(a)(3).[5] Accordingly, ERISA's exhaustion requirement applies to all of Stacy's claims against Reliance, and the remainder of the Court's analysis will focus on whether Stacy can circumvent that exhaustion

---

[4] While Stacy alleges that ARH made a misrepresentation to her about her benefits, and such a claim may be a proper breach-of-fiduciary-duty claim under § 502(a)(3), Stacy has *not* alleged that Reliance made any misrepresentation. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *see also Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 841 (6th Cir. 2007).

[5] Stacy's claim for injunctive relief suffers from additional flaws. Under § 502(a)(3), the only relief possible are "those categories of relief that were *typically* available in equity." *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993). Despite the fact that LTD payments never commenced, Stacy's Complaint asks for an injunction preventing Reliance from "stopping LTD payments." (Doc. # 1-1 at ¶ 52). In essence, Stacy seeks to "impose personal liability on [Reliance] for a contractual obligation to pay money – relief that was not typically available in equity." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (internal citations and quotation marks omitted). "Almost invariably … suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for money damages, as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Id.* (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988) (Scalia, J. dissenting)). "And, 'money damages are, of course, the classic form of *legal* relief.'" *Id.* (quoting *Mertens*, 508 U.S. at 255. Therefore, Stacy is not entitled the injunction she seeks under § 502(a)(3).

requirement.

### 1. Kentucky's Notice-Prejudice Rule

In Kentucky, "an insurer must show prejudice before rejecting a claim due to late notice." *Ashland Hosp. Corp. v. RLI Ins. Co.*, 632 F. App'x 271, 271 (6th Cir. 2016) (citing *Jones v. Bituminous Cas. Corp.*, 821 S.W.2d 798, 803 (Ky. 1991)). This requirement, commonly referred to as the "notice-prejudice rule," escapes ERISA preemption under the savings clause, § 514(b)(2)(A), and therefore, applies to prevent an insurer from initially denying a claim that was submitted untimely, unless prejudice is shown. *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 366-67 (1999). Accordingly, an ERISA-governed plan "cannot avoid its obligations to an insured on the basis of a failure to notify the insurer of the claim unless the insurer can prove that it was prejudiced by the delay." *LM Ins. Corp. v. Canal Ins. Co.*, No. 5:11-cv-81-KSF, 2012 WL 984281, at *9 (E.D. Ky. Mar. 22, 2012) (citing *Jones*, 821 S.W.3d at 801-03).

Stacy argues that Kentucky's notice-prejudice rule prevents Reliance from relying on her late appeal as a reason for dismissal, or "at a minimum, the issue of prejudice" is a question of fact that should not be resolved at the dismissal stage. (Doc. # 8 at 5). In response, Reliance claims that the notice-prejudice rule has no applicability to this case. Specifically, Reliance asserts that Stacy's claim notification was not late; rather, "Reliance was [timely] notified about the claim and made a decision on it." (Doc. # 9 at 2). Therefore, Reliance argues that the notice-prejudice rule does not apply to untimely appeals and does not excuse Stacy's failure to exhaust.

Kentucky's notice-prejudice rule applies in a specific and limited set of circumstances – initial denials of claims for untimeliness under occurrence insurance

9

policies. And courts, including this one, have declined to extend the notice-prejudice rule to other insurance contexts. *See e.g.*, *Ashland Hosp. Corp. v. RLI Ins. Co.*, No. 0:13-cv-143-DLB, 2015 WL 1223675, at *9 (E.D. Ky. Mar. 17, 2015) (declining to extend Kentucky's notice-prejudice rule to claims-made policies); *see also Trek Bicycle Corp. v. Mitsui Sumitomo Ins. Co., Ltd.*, No. 5:05-cv-44, 2006 WL 1642298, at *3 (W.D. Ky. Jun. 7, 2006) (declining to extend Kentucky's notice-prejudice rule to claims-made-and-reported policies); *C.A. Jones Mgmt. Grp., LLC v. Scottsdale Indem. Co.*, No. 5:13-cv-173-TBR, 2016 WL 3460445, at *5 (W.D. Ky. Jun. 21, 2016) (same).

In determining whether to apply the notice-prejudice rule, it is helpful to examine the "four major" principles that explained and supported the Kentucky Supreme Court's adoption of the notice-prejudice rule in *Jones*. 821 S.W.2d at 801. First, "standard form insurance policies … are recognized as contracts of adhesion because they are not negotiated; they are offered to the insurance consumer on essentially a 'take it or leave it' basis without affording the consumer a realistic opportunity to bargain." *Id.* Second, "by failing to define prompt notice or to warn of a forfeiture, [denying coverage] falls beyond the reasonable expectations of the ordinary insurance consumer." *Id.* at 802. Third, the insured "purchased this policy of public liability insurance because it was required by law." *Id.* And finally, "in the absence of prejudice a strict forfeiture clause simply provides the insurance company with a windfall." *Id.* These four principles do not exert equal force in the ERISA appeals context.

While Kentucky's notice-prejudice rule requires insurers to prove prejudice when an insured belatedly files a claim, there is no indication from Kentucky case law that the notice-prejudice rule should be extended to cover administrative appeal deadlines,

particularly in ERISA cases, where federal regulations require the deadline to be no less than 180 days, as it was here. *See* 29 C.F.R. § 2560.503-1(h)(3)(I). Accordingly, the Court declines to apply and extend Kentucky's notice-prejudice rule to ERISA appeal deadlines.[6] Such an application would extend the notice-prejudice rule beyond its accepted bounds and eviscerate ERISA's exhaustion requirement entirely. Therefore, Kentucky's notice-prejudice rule does not prevent Reliance from refusing to consider Stacy's untimely appeal and does not excuse Stacy's failure to exhaust her administrative remedies.

### 2. Futility Exception

A plaintiff's failure to exhaust administrative remedies is excused "where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id*. Therefore, a plaintiff must show that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)). "The futility exception is … quite restricted and has been applied only when resort to administrative remedies is clearly useless." *Id.* (quoting *Communications Workers of Am. v. AT&T*, 40 F.3d 426

---

[6] This decision is informed by Sixth Circuit case law. *See Benham v. Disability Portion of Life and Disability Plan*, 6 F. App'x 280, 281 (6th Cir. 2001). In *Benham*, the Sixth Circuit affirmed the district court's refusal to adopt the notice-prejudice rule as the federal common law of ERISA.
    Other federal courts have reached similar conclusions and refused to extend the notice-prejudice rule to untimely ERISA appeals. *See e.g.*, *Chang v. Liberty Life Assur. Co. of Boston*, 247 F. App'x 875, 878 (9th Cir. 2007); *Edwards v. Briggs & Stratton Retirement Plan*, 639 F.3d 355, 363 (7th Cir. 2011); *Tetreault v. Reliance Standard Life Ins. Co.*, No. 10-11420-JLT, 2011 WL 7099961, at *10 (D. Mass. Nov. 28, 2011); *Dietz-Clark v. HDR, Inc.*, No. 3:15-cv-35-JWS, 2015 WL 6039587, at *2 (D. Alaska Oct. 15, 2015).

11

(D.C. Cir. 1994)).

In response to Reliance's Motion to Dismiss, Stacy claims that an administrative review would have been pointless because Reliance was in "possession [of] all of the documents relevant to [her] claim" due to her previous short-term disability claim, and an "appeal likely would have involved much of the same information that [she] had already … submitted." (Doc. # 8 at 6-7). In support of this argument, Stacy cites to *Dozier v. Sun Life Assur. Co. of Canada*, 466 F.3d 532 (6th Cir. 2006) and *Welsh v. Wachovia Corp.*, 191 F. App'x 345 (6th Cir. 2006). Neither of these cases lend support to Stacy's futility argument.

In *Dozier*, the Sixth Circuit excused plaintiff's failure to exhaust administrative remedies and determined that it would have been futile to "pursu[e] the administrative review process for one benefit after the insurance company had already rejected his application for a similar (though easier to obtain) benefit." *Dozier*, 466 F.3d at 533. Put another way, it "would have been futile for [plaintiff] to ask the insurance company to find that he could not perform 'any occupation' for which he was qualified (the eligibility requirement for obtaining a waiver of life insurance premiums) after the company had already concluded that he could perform his 'own occupation' (making him ineligible for long-term-disability benefits)." *Id.*

Similarly, in *Welsh* the Sixth Circuit rejected the defendants' "argument that [plaintiff's] claim was barred by his failure to exhaust administrative remedies" because "although disabled, [plaintiff] was ineligible to apply for long-term disability benefits because he had been denied short-term disability benefits." *Welsh*, 191 F. App'x at 352. Accordingly, the Sixth Circuit determined that the lack of an "administrative record

regarding long-term disability benefits" was no fault of the plaintiff and that he should "be afforded the opportunity to file a claim for long-term disability benefits and pursue his administrative remedies first." *Id.* at 359.

*Dozier* and *Welsh* are inapposite. Stacy did not forego seeking administrative relief after being denied benefits under a similar standard. Nor was she ineligible to apply for the LTD benefits she sought. Instead, she was *granted* short-term disability benefits and then failed to follow through with her claim for LTD benefits and provide the necessary information to Reliance. Although short-term and long-term disability eligibility are governed by different policies (Doc. # 1-1 at ¶ 35), the reasonable assumption that flows from Reliance's award of short-term benefits is that Stacy had a high probability of being awarded LTD benefits. At the very least, it is far from "clear" that her claim for LTD benefits would have been denied if she had timely appealed. Therefore, Stacy's previous award of short-term disability benefits, and the fact that she provided sufficient information for that claim, does not support her argument that pursuing LTD benefits would have been futile.

Here, there is no clear and positive indication that pursuing administrative remedies would have been a futile act. In fact, pursuing an appeal and providing the information that Stacy failed to provide in response to Reliance's requests may have very well been a successful and worthwhile appeal. Therefore, Stacy has failed to satisfy the high burden for futility. Accordingly, the futility doctrine does not excuse Stacy's failure to exhaust her administrative remedies.

### 3. Equitable Doctrines

Because Stacy's legal arguments based on Kentucky's notice-prejudice rule and

the futility exception fail, the Court now turns to her arguments arising in equity.

### A. Equitable Estoppel[7]

The Sixth Circuit has recognized the availability of equitable estoppel in ERISA cases. *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 456 (6th Cir. 2003) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 403 (6th Cir. 1998) (en banc)). To set forth a claim for equitable estoppel in the ERISA context, a plaintiff must plead the following five elements:

> (1) There must be conduct or language amounting to a representation of material fact; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the misrepresentation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Marks*, 342 F.3d at 456.

Even liberally construed, Stacy's Complaint does not support the application of estoppel. Stacy's Complaint claims that ARH made the alleged misrepresentation, which induced her to withdraw her LTD benefits claim, *not* Reliance. (Doc. # 1-1 at ¶ 43). Furthermore, Stacy has not alleged any facts that would permit the Court to attribute ARH's alleged misrepresentation to Reliance. *See Laird v. Norton Healthcare, Inc.*, 442 F. App'x 194, 202 (6th Cir. 2011) (rejecting plaintiff's estoppel argument where her employer, not the defendant, advised her not to apply for LTD benefits, and holding that any estoppel claim arising from the employer's comment could not be used against

---

[7] While vague and ambiguous, Stacy "pray[s] for an Order … estop[ping] the Defendant from asserting the long-term disability claim is barred" and claims that Reliance "should be estopped from denying submission of the long-term disability claim, as it was aware of the impending long-term disability claim and sufficient proof of loss was provided … during … the claim period." (Doc. # 8 at 10-11). Accordingly, the Court will consider the availability of equitable estoppel.

14

the plan administrator unless there was evidence that the employer "was 'in control' of the administration of the LTD Plan").  Therefore, estoppel does not preclude Reliance from relying on Stacy's failure to exhaust her administrative remedies as a defense.

### B. Equitable Tolling

"Strictly defined, equitable tolling is 'the doctrine that if a plaintiff files a suit first in one court and then refiles in another, the statute of limitations does not run while the litigation is pending in the first court if various requirements are met.'" *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 575 (6th Cir. 2010) (citing *Black's Law Dictionary* (8th ed. 2004)).  "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*.  Thus, the Supreme Court has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

The Supreme Court has recognized that equitable tolling may be applied to toll the contractual limitations period under an ERISA plan.  *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 615 (2013) (holding that "in the rare cases where internal review prevents participants from bringing § 502(a)(1)(B) actions within the contractual period, courts are well equipped to apply traditional doctrines that may allow participants to proceed," including equitable tolling).

However, it is far from clear that equitable tolling applies to a plan's administrative appeal deadline, which is not a limitations period. In fact, the Supreme Court's decision in *Heimeshoff* indicates that a participant-plaintiff must exhaust their administrative remedies in order to equitably toll the statute of limitations. *Id.* ("To the extent the participant has *diligently pursued both internal review* and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply.") (emphasis added). Although the Court has serious doubts regarding the applicability of equitable tolling to Stacy's untimely appeal of Reliance's LTD benefits denial, the Court will consider this doctrine out of an abundance of caution.

Even in the statute-of-limitations context, the Sixth Circuit has only applied the doctrine of equitable tolling in rare circumstances. *See e.g.*, *Farrel v. Auto. Club of Mich.*, 870 F.2d 1129 (6th Cir. 1989) (plaintiffs timely filed suit in state court that did not clearly lack jurisdiction); *see also Fallin v. Commonwealth Indus., Inc.*, 695 F.3d 512, 515 (6th Cir. 2012) (tolling ERISA's statute of limitations while plaintiff "exhausts his administrative remedies, so long as he begins the administrative process within the statute of limitations").

There are five factors a court must consider in determining whether equitable tolling is appropriate: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Longazel v. Fort Dearborn Life Ins. Co.*, 363 F. App'x 365, 368 (6th Cir. 2010).

16

In her quest for equitable tolling, Stacy relies heavily on the lack of prejudice to Reliance. (Doc. # 8 at 3-5, 9-10). But that factor alone cannot save her claims. "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Critically, none of the other factors weigh in favor of equitably tolling the appeal period.

Here, the undisputed facts reveal that Stacy had actual notice, or at least constructive knowledge, of the appeal requirement. (Doc. # 8-2). While Stacy desired to simply withdraw her claim, Reliance made a determination on her eligibility for LTD benefits and informed her of such via letter. *Id.* The Court's review of Reliance's LTD Policy did not uncover any right to withdraw a claim for benefits, or process for doing so. (Doc. # 8-3). Stacy was aware that Reliance had denied her claim and that she had 180 days to appeal that denial, she made no effort to seek review of Reliance's decision until May 18, 2016. (Doc. # 1-1 at ¶ 45).

Stacy's argument that she reasonably relied on advice from ARH, which induced her to abandon her LTD claim, does not alter the balance of the factors. Stacy's claim for disability retirement benefits under ARH's plan was denied on January 29, 2015. (Doc. # 1-1 at ¶ 22). Plaintiff had until February 21, 2015 to request review of Reliance's denial of her LTD benefits claim. Despite having 23 of the 180 days remaining to appeal the denial of LTD benefits, she failed to take action. Instead, she filed a timely appeal of ARH's denial of her disability retirement benefits and waited approximately 632 days before attempting to resurrect her LTD benefits claim with

Reliance. *Id.* at ¶ 23, 45. Stacy's lack of diligence "weighs strongly against tolling the limitations period." *Clark v. NBD Bank*, 3 F. App'x 500, 505 (6th Cir. 2001). Therefore, the Court concludes that the totality of the circumstances does not weigh in favor of equitably tolling the appeal period.

Accordingly, Stacy's failure to exhaust her administrative remedies, and the lack of any available excuse, require dismissal of Stacy's claims against Reliance pursuant to Rule 12(b)(6). Consequently, the Court must determine whether Stacy's claims should be dismissed with or without prejudice. Reliance denied Stacy's LTD benefits claim via letter dated August 25, 2014. (Doc. # 1-1 at ¶ 44). She had 180 days to appeal that denial; 632 days passed before Stacy submitted her appeal. *Id.* at ¶ 45. Dismissal without prejudice is only appropriate whenever a claim for benefits can still be brought. Under these circumstances, Stacy's opportunity to administratively appeal the denial of her LTD benefits has expired, and thus, dismissal with prejudice is warranted. *See Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 454 n.1 (6th Cir. 1991); *see also Harris v. Pepsi Bottling Grp., Inc.*, 438 F. Supp. 2d 728, 734 (E.D. Ky. 2006); *Dozier v. Sun Life Assurance Co.*, No. 6:04-cv-291-DCR, 2005 WL 1405117, at *2 (E.D. Ky. 2005) (citing *Gayle v. UPS*, 401 F.3d 222 (4th Cir. 2005)); *Hall v. Baptist Healthcare Sys., Inc.*, No. 3:07-cv-292-JHM, 2007 WL 4119035 (W.D. Ky. Nov. 14, 2007); *Johnson v. Hartford*, No. 3:12-cv-654-TBR, 2013 WL 960280, at *5 (W.D. Ky. Mar. 12, 2013).

## IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Defendant Reliance Standard Life Insurance Company's Motion to Dismiss (Doc. # 5) is **GRANTED**;

(2) Plaintiff Cheryl Stacy's Complaint (Doc. # 1-1 at 3-11) is **DISMISSED** with respect to her claims against Defendant Reliance Standard Life Insurance Company;

(3) Defendant Reliance Standard Life Insurance Company is **DISMISSED** as a party to this action, as the Court has dismissed and adjudicated all claims against it; and

(4) Pursuant to Federal Rules of Civil Procedure 16 and 26, an Order for Meeting and Report for the remaining parties will be entered and filed contemporaneously herewith.

This 17th day of April, 2017.

Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\Opinions\London\16-186 MOO re Reliance MTD.docx